

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

970 Broad Street, 7th floor    973-645-2700
Newark, New Jersey 07102

NKP/HH/PL AGR
2025R00368

May 6, 2025

John A. Azzarello, Esq.
Whipple Azzarello, LLC
177 Madison Avenue, Second Floor
Morristown, New Jersey 07960
azzarello@whippleazzarellolaw.com

      Re:    <u>Plea Agreement with Kimberlee R. Adams</u>   25 cr 475-ESK

Dear Counsel:

      This letter sets forth the plea agreement between your client, Kimberlee R. Adams ("Adams"), and the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney for the District of New Jersey (collectively, "this Office"). This offer will expire on May 13, 2025, if it is not accepted in writing by that date. If Adams does not accept this plea agreement, her sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Adams to a one-count Information, which charges Adams with unlawful distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). If Adams enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Adams for distributing, or conspiring to distribute, controlled substances between January 2020 and December 2024 in connection with Adams's employment by Doctor Larry Pettis.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Adams even if the applicable statute of limitations period

for those charges expires after Adams signs this agreement, and Adams agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) to which Adams agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $1,000,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Adams is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Adams ultimately will receive.

Further, in addition to imposing any other penalty on Adams, the sentencing judge as part of the sentence:

(1) will order Adams to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Adams to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) may order Adams, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of her offense;

(4) must order forfeiture, pursuant to 28 U.S.C. § 2461 and 21 U.S.C. § 853;

(5) may deny Adams certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(6) pursuant to 21 U.S.C. § 841, must require Adams to serve a term of supervised release of at least 3 years, which will begin at the expiration of any term of imprisonment imposed. If Adams has a prior conviction, the sentencing judge must impose a term of supervised release of at least 6 years in addition to any term of imprisonment imposed. Should Adams be placed on a term of supervised release and subsequently violate any

of the conditions of supervised release before the expiration of its term, Adams may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to the Victim and Witness Protection Act, 18 U.S.C. § 3663, Adams agrees to pay full restitution to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses.

Forfeiture

As part of Adams's acceptance of responsibility, and pursuant to 21 U.S.C. § 853, Adams agrees to forfeit to the United States any and all property constituting or derived from any proceeds Adams obtained, directly or indirectly, as a result of the violation charged in the Information, and all of Adams's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violation charged in the Information.

Adams further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Adams (the "Money Judgment"). Adams consents to the entry of an order requiring Adams to pay the Money Judgment and agrees that such Order will be final as to Adams prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Adams's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture Staff, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Adams further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Adams waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Adams understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise Adams of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Adams waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. Adams further understands that Adams has no right to demand that any forfeiture of Adams's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Adams in addition to forfeiture.

Adams further agrees that, not later than the date Adams enters the guilty plea, Adams will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Adams fails to provide a complete and accurate Financial Disclosure Statement by the date of her guilty plea, or if this Office determines that Adams has intentionally failed to disclose assets on the Financial Disclosure Statement, Adams agrees that that failure would constitute a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or other relief.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Adams by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Adams's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Adams will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Use of Statements

Adams waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Any statements made by Adams in any proceeding under Rule 11 of the Federal Rules of Criminal Procedure and the statements and stipulations set forth in Schedule A, will be admissible against Adams without limitation in any civil or criminal proceeding.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Adams waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

Adams understands that, if Adams is not a citizen of the United States, Adams's guilty plea to the charged offense will likely result in Adams being subject to immigration proceedings and removed from the United States by making Adams deportable, excludable, or inadmissible, or ending Adams's naturalization. Adams understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Adams wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Adams's removal from the United States. Adams understands that Adams is bound by this guilty plea regardless of any immigration consequences. Accordingly, Adams waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Adams also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Exclusion from the Medicare Program and Other Health Care Programs

Adams understands and acknowledges that as a result of this plea, Adams will be excluded from Medicare, Medicaid, and all federal health care programs. Adams agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect Adam's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

Other Provisions

This agreement is limited to this Office and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Adams. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service, the Drug Enforcement Administration, and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude Adams from pursuing in an appropriate forum, when permitted by law, a claim that she received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Adams and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney
District of New Jersey

LORINDA LARYEA
Acting Chief
U.S. Department of Justice
Criminal Division, Fraud Section

By: NICHOLAS K. PEONE
HYUNGJOO HAN
Trial Attorneys
U.S. Department of Justice
Criminal Division, Fraud Section

I have received this letter from my attorney, John A. Azzarello, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*Kimberlee Adams PMHNP*                                   05/13/2025
_____               Date:
Kimberlee R. Adams


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*John A. Azzarello*                                   Date: 05/14/2025
_____
John A. Azzarello, Esq.
Counsel for Defendant

## Plea Agreement With Kimberlee Adams

### Schedule A

1. This Office and Kimberlee R. Adams ("Adams") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. This Office and Adams agree and stipulate to the following facts:

   a. On or about September 26, 2024, in the District of New Jersey, Adams did knowingly and intentionally distribute and dispense, outside the usual course of professional practice and not for a legitimate medical purpose, mixtures and substances containing detectable amounts of a Schedule II controlled substance, namely oxycodone, in violation of 21 U.SC. § 841(a)(l) and (b)(l)(C), and 18 U.S.C. § 2.

   b. Beginning at least in or around August 2024, and continuing through at least in or around December 2024, in the District of New Jersey and elsewhere, Adams did knowingly and intentionally engage in a scheme to unlawfully distribute controlled substances not for a legitimate purpose in the usual course of professional practice.

   c. Adams was a licensed Advanced Practice Nurse and worked at Medical Practice 1.

   d. Beginning at least in or around August 2024, and continuing through at least in or around December 2024, Adams, aided and abetted by others, knowingly and intentionally participated in a scheme to unlawfully distribute controlled substances, namely oxycodone, a Schedule II controlled substance.

   e. Specifically, Adams pre-signed hundreds of blank prescriptions and allowed other individuals at Medical Practice 1, who lacked authority to issue prescriptions for controlled substances, to issue prescriptions for oxycodone and other controlled substances to patients at Medical Practice 1 under Adams's U.S. Drug Enforcement Administration ("DEA") registration number. As to many patients, Adams did not assess whether the patients were experiencing problems with physical and psychological dependence prior to issuing or causing the issuance of a prescription for controlled substances. Adams also did not, and could not, document the results of her assessment prior to issuing or causing the issuance of such prescriptions, as no assessment had occurred.

   f. Adams knew that it was unlawful for her to pre-sign prescriptions and to allow another person to issue prescriptions for controlled substances using her DEA registration number. Adams also knew that she was required to assess each patient prior to issuing or causing the issuance of prescriptions for controlled substances.

3.  The version of the Guidelines effective November 1, 2024 applies in this case.

4.  The applicable guideline is U.S.S.G. § 2D1.1(a)(5) and (c)(5) because the offense involved a converted drug weight of at least 1,000 kilograms but less than 3,000 kilograms. This guideline carries a Base Offense Level of 30.

5.  The adjustment for abuse of trust applies because Adams abused her position as an Advanced Practice Nurse to commit the offense, resulting in an increase of 2 levels. *See* U.S.S.G. § 3B1.3.

6.  As of the date of this letter, Adams has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Adams's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7.  As of the date of this letter, Adams has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Adams's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Adams enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Adams's acceptance of responsibility has continued through the date of sentencing and Adams therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Adams's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8.  If Adams establishes at sentencing that she both has no criminal history points and meets the criteria in U.S.S.G. § 4C1.1, she will be entitled to a further 2-level reduction in her offense level.

9.  Whether Adams satisfies the criteria prescribed by U.S.S.G. § 5C1.2(a)(1) is yet to be determined. Pursuant to U.S.S.G. § 2D1.1(b)(18), if the Court finds that Adams satisfies all the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5), a two-level downward adjustment would apply.

10. Accordingly, the parties agree that, depending upon the sentencing Court's resolution of the open Guidelines issues noted above, the total Guidelines offense level (the "Total Offense Level") applicable to Adams is:

    a.  29, if the Court finds that Adams does *not* meet the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5) and does *not* meet the criteria described in U.S.S.G. § 4C1.1;

Case 1:25-cr-00475-ESK   Document 6   Filed 07/22/25   Page 11 of 11 PageID: 25

      b.      27, if the Court finds that Adams meets the criteria described in U.S.S.G. § 4C1.1 but that she does *not* meet the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5), or the Court finds that Adams does *not* meet the criteria described in U.S.S.G. § 4C1.1 but that she meets the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5);

      c.      25, if the Court finds that Adams meets the criteria prescribed by U.S.S.G. § 5C1.2(a)(1)–(5) and the criteria described in U.S.S.G. § 4C1.1.

      11.      The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

      12.      If the term of imprisonment does not exceed 108 months, and except as specified in the next paragraph below, Adams will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 57 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

      13.      Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

      (a)      Any proceeding to revoke the term of supervised release.

      (b)      A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

      (c)      An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).